UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GEISER ANILDO MORATAYA LEMUS,
Petitioner,
v.
WARDEN, DESERT VIEW FACILITY et al,
Respondents.

Case No. 5:26-cv-04433-MAR

ORDER GRANTING PETITION FOR HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE

**I.**

**INTRODUCTION**

On August 6, 2026, Geiser Anildo Morataya Lemus ("Petitioner"), proceeding through counsel, filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. ECF Docket Nos. ("Dkt.") 1 ("Pet"). Petitioner argues his re-detention in Immigration and Customs Enforcement ("ICE") custody violates his Fifth Amendment due process rights and the Immigration and Nationality Act ("INA") and seeks release. Id. at 9–11.[1] Respondents filed an Answer arguing that Petitioner has not established that his

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

detention to effectuate his removal is unreasonable. Dkt. 12. For the reasons set forth below, the Petition is **GRANTED**.

## II.

## BACKGROUND[2]

Petitioner is a citizen of Guatemala who has lived in the United States since 1991. Pet. at 2. Petitioner received a final order of removal in 2011 and was released under an Order of Supervision ("OSUP"). Id. at 3. Petitioner's removal was stayed on humanitarian grounds. Id. For the past thirteen years since receiving the OSUP, Petitioner has complied with the order, regularly attending every check-in with ICE and maintaining a clean criminal record. Id. Petitioner has two United States citizen children. Petitioner's children are 17 and 21 years old. The 21-year-old is a mechanical engineering student at U.C. Berkley and has filed an I-130 Petition for Alien Relative on Petitioner's behalf, seeking family-based permanent residency for Petitioner. Id. at 3. Petitioner was granted work authorization and paid income taxes. Id.

Petitioner was detained on July 29, 2026, when he voluntarily accompanied his wife to her ICE check-in. Id. at 4. During the check-in, Petitioner's wife was also detained. Id. Petitioner did not receive notice or an interview regarding the revocation of his release. Id.

## III.

## DISCUSSION

### A. APPLICABLE LAW

Detention, release, and removal of individuals ordered removed is governed by 8 U.S.C. § 1231(a). Johnson v. Arteaga-Martinez, 596 U.S. 573, 578 (2022). A

---

[2] The following facts are taken from the Petition and the attached exhibits. Respondents had the opportunity to dispute these facts or provide contrary facts, but declined to do so unless noted herein. Dkt. 12. Accordingly, the undisputed facts presented by Petitioner are conceded. See C.D. Cal. L.R. 7-12.

noncitizen shall be removed within 90 days of the removal order, subject to a potential 90-day extension. 8 U.S.C. § 1231(a)(1). However, once that period passes, and the noncitizen is not removed, they "shall be subject to supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3). The noncitizen may be detained beyond the removal period under certain conditions, but "if released, shall be subject to the terms of supervision in paragraph (3)." Id. § 1231(a)(6).

Sections 241.4 and 241.13 of Title 8 of the Code of Federal Regulations govern the release of noncitizens pursuant to 8 U.S.C. § 1231(a)—and the revocation of that release. Both sections allow release to be revoked when a noncitizen violates the conditions of their release. 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(1).[3] Section 241.13(i) allows DHS to revoke a noncitizen's OSUP and re-detain them "if, on account of changed circumstances, the [government] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." Both sections establish certain required process for the revocation of release. Upon such revocation, the noncitizen (1) "will be notified of the reasons for revocation of his or her release" and (2) will be given "an initial informal interview promptly after his or her return to [] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." Id. §§ 241.4(l)(1), 241.13(i)(3). If the noncitizen continues to be detained after the informal interview, they shall be scheduled for the "normal review process," which begins with notification of a records review and scheduling of an interview, "which will ordinarily be expected to occur within approximately three months after release is revoked." Id. §§ 241.4(l)(3); 241.13(i)(2) ("[I]f the [noncitizen] is not released from custody following the informal interview . . . the provisions of § 241.4 shall govern the

[3] Section 241.4(l) also allows revocation "in the exercise of discretion when, in the opinion of the revoking official" certain other conditions are met, and section 241.13(i) also permits revocation "if, on account of changed circumstances, the [government] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." Id. §§ 241.4(l)(2), 241.13(i)(2).

[noncitizen]'s continued detention pending removal."). "In simpler terms, in order to revoke release, the government must notify the noncitizen of the reason for the revocation and give them both an informal and formal interview." Delkash v. Noem, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *4 (C.D. Cal. Aug. 28, 2025).

**B. ANALYSIS**

The Court finds that Petitioner has demonstrated that the government did not comply with the process laid out in sections 241.4(l)(1) and 241.13(i)(3). First, Petitioner was never notified of the reasons for revocation of his release. Pet. at 17. "Petitioner must be told what circumstances had changed . . . in order to meaningfully respond to the reasons and submit evidence in opposition," as allowed under sections 241.4(l)(i) and 241.13(i)(3). See Hashemi, 809 F. Supp. 3d at 1035 (citing Sarail A. v. Bondi, 803 F. Supp. 3d 775, 2025 WL 2533673, at *10 (D. Minn. 2025); Esmail v. Noem, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025)). Notice must provide real, specific, concrete information that a noncitizen could actually respond to. See id. Here, there is no contention that Petitioner was ever notified of the reasons for his detention. See Answer at 2.

Second, there is no evidence that Petitioner was afforded a meaningful informal or formal interview as required by 8 C.F.R. 241.13(i)(3). Pet. at 17; see Hashemi, 809 F. Supp. 3d at 1035 (citing Sarail A., 2025 WL 2533673, at *10; Esmail, 2025 WL 3030590, at *6); 8 C.F.R. § 241.13(i)(3) ("afford[ing] [noncitizens] an opportunity to respond to the reasons for revocation," including an opportunity to "submit any evidence or information that he . . . believes shows . . . that he . . . has not violated the order of supervision")). Petitioner's arrest and re-detention were in violation of the procedures required under 241.4(l)(1) and 241.13(i)(3) and, thus, invalid.

The government's failure to provide Petitioner a meaningful notice of revocation and informal interview is in clear violation of the requirements of sections 241.4(l)(1) and 241.13(i)(3). A growing number of courts—including this one—have unequivocally found that the government's failure to follow its release revocation

procedures renders the re-detention unlawful and requires release. See Delkash, 2025 WL 2683988, at *5–6 (collecting cases). "These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful." Id. at *6. "Rules matter. Hearings matter." Id. at *1.

The Court further concludes that Petitioner is entitled to notice and an opportunity to respond that comports with 8 C.F.R. § 241.13(i) should Respondents attempt to re-detain Petitioner in the future. See, e.g., Valdez-Batista v. Immigr. & Customs Enf't Field Off. Dir., 2026 WL 449531, at *4 (W.D. Wash. Jan. 30, 2026) ("[I]n the event they seek to re-detain Petitioner in the future, Respondents must provide notice and an opportunity to respond that comports with 8 C.F.R. § 241.13(i)."). Indeed, the re-detention of a noncitizen subject to a final order of removal is governed by 8 C.F.R. § 241.13. The regulation was "intended to provide due process protections to noncitizens following the removal period as they are considered for continued detention, release, and then possible revocation of release." Constantinovici v. Bondi, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (internal quotation marks, brackets, and ellipses omitted). The regulation states, in part, that "[t]he Service may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13. The regulation also provides that, "[u]pon revocation [of an OSUP], the [noncitizen] will be notified of the reasons for revocation of his or her release," and that there will be "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).

Finally, the Court notes that Petitioner also requested an award of reasonable attorneys' fees and costs. Pet. at 25. The Court will consider an application under the Equal Access to Justice Act ("EAJA") that is filed within 30 days of entry of final

judgment in this action. See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

## IV.

## ORDER

**IT IS THEREFORE ORDERED**:

(1) the Petition is **GRANTED**;

(2) Respondents are **ORDERED** to immediately release **Geiser Anildo Morataya Lemus, (A# 070-096-596)** from custody subject only to the conditions of his prior Order of Supervision and return all property taken from Petitioner during his arrest and processing into detention;

(3) Respondents are **ORDERED** to file a Notice of Compliance within forty-eight hours of this Order;

(4) Respondents are **ORDERED** not to re-detain Petitioner without first following all procedures set forth in 8 C.F.R. §§ 241.4, 241.13, and any other applicable statutory and regulatory procedures, and the Due Process Clause of the Fifth Amendment.

Dated: August 19, 2026

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge